Jack Alan PROCK, Appellant,

v.

The STATE of Texas, State.

No. 2–93–009–CR.

Court of Appeals of Texas,
Fort Worth.

March 8, 1994.

Rehearing Overruled April 12, 1994.

Discretionary Review Refused
June 15, 1994.

---

Toby Goldsmith Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and John A. Stride, Asst., Fort Worth, for appellee.

Before WEAVER, HICKS, and FARRAR, JJ.

## OPINION

HICKS, Justice.

Appellant Jack Alan Prock was charged with murder in the death of Mr. John Miller, Sr. He was found guilty by a jury of the lesser included offense of voluntary manslaughter. The jury sentenced him to twelve years in the Institutional Division of the Texas Department of Criminal Justice. In one point of error, appellant alleges that the trial court erred in denying his motion for new trial after hearing testimony from jurors that, in violation of the court's instructions, they discussed and considered improper testimony about another assault charge pending against appellant. We affirm.

Appellant does not challenge the sufficiency of the evidence which led to his conviction. Only a brief recitation of those facts is then necessary to our disposition of this case. Apparently the victim, appellant, and Sharon Prock, the former sister-in-law of appellant, were out on the town, enjoying a night of partying and drinking. The victim and Ms. Prock began to fight. Appellant intervened in this matter and at some point in the evening stabbed Mr. Miller to death.

A motion in limine had been granted by the trial court, as a result of which neither the State nor its witnesses were to discuss any extraneous offenses without getting a ruling from the court. The complained-of testimony came from Sharon Prock. It is as follows:

Q. [Attorney for the State]: Okay. When you were at the house and the Defendant was hitting on John, beating him, he said, "It's too late." Is that right?

A. Yes.

Q. He said he was going to have to kill him?

A. Yes.

Q. Why did he say that?

A. He said that John would file an assault charge against him and he already had an assault charge.

The defense lawyer objected at this point in the testimony and the trial court instructed the jury to disregard the testimony. The court denied a motion for mistrial. The story could end right here were it not for the testimony on the motion for new trial.

Three jurors testified on the motion for new trial that, contrary to the instructions of the court, they did discuss the extraneous offense during the guilt/innocence portion of the trial. Jurors Hamilton, Meyers, and Skillman each testified that the discussion of the additional charge did not influence his or her individual verdict, and each of them did not think it influenced the jury's verdict. In fact, they testified that as soon as the assault charge was alluded to by a juror, other jurors cautioned the offending juror and reminded each of them to recall the instructions of the trial judge. The story could then end here were it not for the testimony of Juror Figueroa.

During her testimony on the motion for a new trial, Juror Figueroa testified that the testimony of Sharon Prock affected her verdict and the jury's verdict. She had the following to say under questioning by the State:

Q. Are you saying that you would have given him less time for killing Mr. Miller if you had not thought that he had these other charges that you heard about in the testimony?

A. Yes.

Based on this testimony, appellant argues that he is entitled to a new trial.

■ A new trial shall be granted an accused if the trial court finds that the jury has

engaged in such misconduct that the accused has not received a fair and impartial trial. TEX.R.APP.P. 30(b)(8). Fact issues regarding jury misconduct are left to the sole discretion of the trial court, and the court's decision will not be reversed absent a showing of abuse of discretion. *Beck v. State,* 573 S.W.2d 786, 791 (Tex.Crim.App. [Panel Op.] 1978).

 Although all four jurors agreed the subject of the assault charge came up only one time during deliberations, there was some disagreement as to when the subject was discussed. Juror Figueroa testified that the jury's discussion of the extraneous offense evidence occurred during *punishment* phase deliberations. Jurors Hamilton, Meyers, and Skillman each testified that Sharon Prock's testimony about appellant's other assault charge came up during the jury's *guilt/innocence* phase deliberations.

 We agree with the State that the trial court is in the very best position to observe the demeanor of the jurors. Where there is conflicting evidence on an issue of fact as to the jury misconduct, the trial judge determines the issue and there is no abuse of discretion in overruling a motion for a new trial. *Thomas v. State,* 699 S.W.2d 845, 854 (Tex.Crim.App.1985); *Moreno v. State,* 587 S.W.2d 405, 412 (Tex.Crim.App. [Panel Op.] 1979). The trial judge, as the trier of fact, was free to believe one juror's testimony as to the statements and to disbelieve and reject all or part of the testimony of the other jurors. *McCartney v. State,* 542 S.W.2d 156, 162 (Tex.Crim.App.1976). Based on the discrepancy between Figueroa's testimony and that of the other three jurors, the trial judge could have found reason to determine that Figueroa was lying or confused about the incident, and could have therefore discounted her testimony. We overrule this point of error because the trial judge resolved the conflict in testimony and we cannot say that there was an abuse of discretion.

Appellant's sole point of error is overruled and the judgment of the trial court is affirmed.